Bissell, J.
The technical liability of the defendant, Dryden, for the value of the goods sold can only be determined by a proper solution of the inquiry, whether it is apparent that the Elevator Company had notice of the dissolution of the firm prior to the sale of the goods. The responsibility of the outgoing partner to those who have had prior dealings with his firm, for all debts that may be thereafter contracted by those with whom he was connected, is clearly settled, unless it be shown that those persons were actually notified of the dissolution. That which is ample to relieve him from all liability as to strangers or persons who had no connection whatever with the old firm would not suffice when the suit is brought by those who have had prior dealings with the copartnership. Whether what had been done will amount to that notice which the law requires is a mixed question of law and of fact, not always easy of solution. It is strenuously urged by counsel that the sending of notices through the mail, properly addressed, with very slight corroboration would make satisfactory proof of that actual notice which the law sajrs must be given to prior dealers. There would be much force in the suggestion if the record neither necessitated nor required an express adjudication of this proposition. It is true that in Ramson v. Mack, 2 Hill 587, the court decided that a notice sent by mail in the town where both parties reside was not proof of notice, even in the case of commercial paper. But as was said in that case, “ the corporate limits of our cities and towns have, I think, less to do with this question than the mail arrangements of the general government and the business relations of our citizens. Whether mail service is good or not does not depend upon the inquiry whether the person to be charged resides within the same legal district; but upon the question whether the notice may be transmitted by mail,” etc. It is thus evident, even from that case, thaf? the point of inquiry always is— whether or not actual notice may be given in that fashion. *123 There would hardly seera to be any room for question that dealers might be given notice by mail." It is only a matter of delivery, receipt and proof. But it is a far different matter to hold that the deposit of a notice in the office, addressed to the individual to be notified, would of itself and as in cases of notice to the indorser of commercial paper make proof of that actual notice which the law requires. Under our present system of postal service in towns where a free delivery prevails, it is nearly certain that a letter will reach the person to whom it is addressed if it bear the street and number of his place of business, and it would require but very slight additional proof to so far confirm that presumption as to make it evidence of both the delivery and receipt of the notice. Austin v. Holland., 69 N. Y. 571.
But to give it this force it is essential to show that the notices were addressed not only with the name of the person but also with the number and street of his place of business. That did not appear, and without that proof the link is missing which would require the court, upon the proof, to decide as a matter of law that the actual notice had been given which is indispensable to relieve a retiring partner from subsequent transactions apparently carried on in the partnership name.
But there is other evidence of actual notice, which is enough to relieye Dryden from that technical responsibility for a portion of the debt which otherwise the law would cast upon him. All that is necessary is notice in fact. It is wholly immaterial by what means that notice is brought home to the knowledge of the dealers, or in what form it is given, for no particular method or formality need be observed, according to the force of all the authorities. Austin v. Holland, supra; Wade on Notice, § 499; Young v. Tibbitts, 32 Wis. 79; Hier v. Odell, 18 Hun 314; Collyer on Partnership (sixth edition), § 581; Reilly et al. v. Smith, 16 La. Ann. 31; Mauldin v. The Bank, 2 Ala. 502. It is enough that the information comes to the dealer either directly or through some of the channels which the law recog *124 nizes as legitimate ways of communication. The dealings 1 etween the mills and Mr. Hunt were through Payne and Knight, who acted as agents of the company. Payne had repeatedly taken orders for goods, collected monej'' for those sold, and, according to the testimony, sold part of the goods for the price of which this action was brought. He thus stood with reference to the Elevator Company and the Crescent Flour Mills as their representative and agent, and an actual notice to him of Dryden’s withdrawal would presumably reach his employers, and would most certainly bind them. Hier v. Odell, supra; Page et al. v. Brant, 18 Ill. 87; Ingalls et al. v. Morgan, 10 N. Y. 178; Davis v. Keyes, 38 N. Y. 94.
It is wholly unnecessary to rely entirely upon the presumption that the principal was fully advised of that which was communicated to the agent. The form of the bills, the signature to the checks and the frequent visits of the agents to the house compel the belief that if the actual managers of the concern were unadvised as to the change of the co-partnership, those persons connected with the company who were actually engaged in the transaction of the particular business with Hunt were fully advised as to the situation, and the company would be bound by that knowledge.
This conclusion is not at all in conflict with the rule which has been so often declared by the appellate tribunals of this state,—that they will not interfere with the verdict of a jury or the finding of the court upon questions of fact simply upon a conflict of testimony, or upon a question of the weight and preponderance of the evidence. It stands substantially uncontradicted in the record that Payne was given actual notice of the dissolution of the firm. The absence of a recollection on his part that such a conversation was had does not tend to shake or weaken the absolute testimony given by Mr. Hunt upon this subject. His direct and positive statement standing uncontradicted must be given full credit, unless there be something in the record which tends to overcome or weaken the force of that unimpeached testi *125 mony. Elwood v. Western Union Telegraph Co., 45 N. Y. 549.
To render the judgment entered in this case, the court below must have found that the Elevator Company received no actual notice of the dissolution of the firm. This finding was not a decision upon conflicting testimony, but was a legal conclusion upon the proof that the notice given was wholly insufficient to charge the Elevator Company. Since this was error this cause must be reversed and remanded;

Reversed.